UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **TRUDY MORRIS,** | : | Case No. 3:17-cv-318 |
| 6834 Stillmore Drive | : | |
| Englewood, Ohio 45322 | : | Judge _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT WITH** |
| | : | **JURY DEMAND ENDORSED HEREON** |
| **PINES PET CEMETERY, INC.,** | : | |
| c/o C.T. Lawton | : | |
| 764 Riley Wills Road | : | |
| Lebanon, Ohio 45036 | : | |
| | : | |
| Defendant. | : | |

## PARTIES

1. Plaintiff Trudy Morris is a citizen of the State of Ohio and a resident of Montgomery County, Ohio.

2. Defendant Pines Pet Cemetery is corporation incorporated under the law of the State of Ohio and with its principal place of business in Ohio.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*

4. This Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367 on the grounds that Plaintiff's state law claims are so related to her

federal claims over which the Court has original jurisdiction that they form a part of the same case or controversy.

5. Venue is proper in the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. § 1391(b) because Plaintiff was employed in this Division and District and the unlawful conduct alleged in this Complaint has taken place within this Division and District.

## FACTUAL ALLEGATIONS

6. Plaintiff Trudy Morris began her employment with Defendant Pines Pet Cemetery on April 23, 2010, as a grief counselor.

7. In this role, Plaintiff was supervised by Shannon Wood, who is also the owner of the cemetery.

8. Defendant is a covered enterprise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, and a covered employer under Ohio Rev. Code § 4111.03.

9. At all relevant times, Plaintiff's position was non-exempt from earning overtime pay under the FLSA, 29 U.S.C. § 213, and R.C. § 4111.03.

10. During her time in Defendant's employ, Plaintiff was informed by Ms. Wood that Defendant pays normal hourly wages for any overtime hours worked, and does not pay time-and-a-half.

11. Between August 2014 and July 2017, Plaintiff worked 1087.97 hours of overtime.

12. Defendant compensated Plaintiff's overtime hours at the regular, non-overtime rate, paying these hours with a check separate from Plaintiff's normal paycheck.

13. Between August 2014 and July 2017, Plaintiff accrued 287 hours of unpaid regular time by working through lunch.

14. Defendant did not compensate Plaintiff for this time work, instead deducting two hours each week from Plaintiff's paycheck.

15. Plaintiff participated in a 401(k) defined contribution plan with Defendant.

16. As the 401(k) plan's sponsor, Defendant is a fiduciary with respect to the plan.

17. Under the plan's terms, Defendant was to make employer contributions.

18. Over the course of Plaintiff's employment, Defendant withheld 14 months of contributions to Plaintiff's 401(k) plan totaling $254.90.

19. Plaintiff self-terminated her employment on July 15, 2017.

20. Following the end of her employment with Defendant, Plaintiff sought the advice of counsel to pursue potential wage and hour claims for unpaid normal and overtime wages and withheld 401(k) contributions.

21. Plaintiff's counsel sent a letter to Defendant on August 1, 2017, outlining Plaintiff's potential claims.

22. When Defendant received Plaintiff's letter, Ms. Wood and Andrew Hatcher, Defendant's Office Manager, sent Plaintiff a series of retaliatory, threatening, and hostile text messages.

23. In response to Plaintiff's letter, Mr. Hatcher texted Plaintiff, "I directly told you no over time and i have documentation have fun with this journey. Your [*sic*] a piece of shit!"

24. Mr. Hatcher threatened further retaliation by texting Plaintiff, "**Drop what you are attempting or severe legal consequences you will be faces** [*sic*] **with.**  Your [*sic*] a low life because of this. Wow I'm am [*sic*] absolutely astonished and I truly feel sorry for the person you are. Enjoy a very lonely life, god himself hates you," "I'm embarrassed to have ever called you a friend or every [*sic*] gave you sympathy. You are a piece of garbage for what you are attempting.

3

Literally I'm ashamed of myself for ever being you [*sic*] friend," "I hope when you look in the mirror you feel shame and embarrassment. People do the right thing to help you and you stab them in the back. You are worthless and pathetic women [*sic*] and **an army is prepared to stop what you are attempting.** You will have a funeral one day where you are alone l, [*sic*] alone in darkness is your future. Never have i witness [*sic*] someone so pathetic in my life and I hope you know you are a fucking piece of shit! Enjoy life and I now know why your husband hates you and why your son wants nothing to do with you. Enjoy old age alone you worthless person!"

## COUNT I

### (Non-Payment of Overtime – FLSA)

25. The preceding paragraphs are incorporated herein by reference.

26. At all relevant times, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

27. At all relevant times, Plaintiff was an employee within the meaning of the FLSA, 29 U.S.C. § 203(e).

28. Plaintiff's position was not subject to the FLSA's exemptions from overtime eligibility, 29 U.S.C. § 213.

29. Defendant violated the FLSA's overtime provision, 29 U.S.C. § 207(a)(1), by failing to compensate Plaintiff for the hours she worked in excess of 40 hours a week at a rate of one and one-half times her wage.

30. Having told Plaintiff, "I directly told you no over time and i have documentation have fun with this journey. Your [*sic*] a piece of shit!," and by placing her overtime hours on a separate check, Defendant violated the FLSA knowingly and willfully.

31. As a direct and proximate result, Plaintiff has been damaged and is entitled to relief, including liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. §§ 216 and 260.

## COUNT II

### (Non-Payment of Overtime - Ohio Rev. Code Ch. 4111)

32. The preceding paragraphs are incorporated herein by reference.

33. At all relevant times, Defendant was an employer within the meaning of R.C. § 4111.03(D)(2).

34. At all relevant times, Plaintiff was an employee within the meaning of R.C. § 4111.03(D)(3).

35. Plaintiff's position was not subject to the statutory exemptions from overtime eligibility of R.C. § 4111.03, which incorporates the FLSA's exemptions, 29 U.S.C. § 213.

36. Defendant violated R.C. §§ 4111.03 and 4111.13 by failing to compensate Plaintiff for the hours she worked in excess of 40 hours a week at a rate of one and one-half times her wage.

37. Having told Plaintiff, "I directly told you no over time and i have documentation have fun with this journey. Your [*sic*] a piece of shit!," and by placing her overtime hours on a separate check, Defendant violated state law knowingly and willfully.

38. As a direct and proximate result, Plaintiff has been damaged and is entitled to relief, including attorney's fees and costs pursuant to R.C. § 4111.10.

## COUNT III

### (Non-Payment of Wages – FLSA)

39. The preceding paragraphs are incorporated herein by reference.

5

40. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

41. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

42. By failing to pay Plaintiff for working through lunch and by deducting time from Plaintiff's paycheck, Defendant knowingly and willfully violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206.

43. As a direct and proximate result, Plaintiff has been damaged and is entitled to relief, including liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. §§ 216 and 260.

## COUNT IV

**(Non-Payment of Wages – Ohio Constitution, II.34A, Ohio Rev. Code Ch. 4111)**

44. The preceding paragraphs are incorporated herein by reference.

45. At all relevant times, Plaintiff was an employee within the meaning of R.C. § 4111.03(D)(3).

46. At all relevant times, Defendant was an employer within the meaning of R.C. § 4111.03(D)(2).

47. By failing to pay Plaintiff for working through lunch and by deducting time from Plaintiff's paycheck, Defendant knowingly and willfully violated Ohio's minimum wage laws, including Article II, Section 34a of the Ohio Constitution, R.C. §§ 4111.02, 4111.13, and 4113.15 (the Prompt Payment Act).

48. As a result, Plaintiff has been damaged and is entitled to relief, including attorney fees and costs pursuant to R.C § 4111.10.

## COUNT V

### (Wrongful Denial of Benefits – ERISA – 29 U.S.C § 1132(a))

49. The preceding paragraphs are incorporated herein by reference.

50. Plaintiff participates in Defendant's qualified trust organized under 26 U.S.C. § 401(k), which is a defined contribution plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*

51. As the sponsor of the 401(k) plan, Defendant was a fiduciary of the plan.

52. Defendant owed fiduciary duties to Plaintiff pursuant to ERISA § 404, 29 U.S.C. § 1104, including the duty to act in accordance with the documents and instruments governing the plan, insofar as the terms are consistent with ERISA.

53. The 401(k) plan's terms stipulated that Defendant was to make contributions in proportion to the contributions of employees.

54. Over the course of Plaintiff's employment, Plaintiff made regular contributions to her 401(k) account.

55. Defendant failed to contribute its amount corresponding to 14 months of Plaintiff's contributions in accordance with the 401(k) terms.

56. By failing to make contributions as required by the documents governing the 401(k) plan, Defendant breached its fiduciary duty to Plaintiff and thereby violated ERISA, 29 U.S.C. § 1109.

57. As a direct and proximate result, Plaintiff has been damaged and is entitled to recover benefits due to her under the plan pursuant to 29 U.S.C. § 1132, as well as attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1) incurred by her efforts to enforce her contractual rights under the 401(k) plan.

## COUNT VI

### (Retaliation – FLSA – 29 U.S.C. § 215(a)(3))

58. The preceding paragraphs are incorporated herein by reference.

59. Plaintiff engaged in protected activity by opposing practices she reasonably believed to be unlawful, including seeking legal advice and informing Defendant through counsel that she intended to pursue her wage and hour claims.

60. Defendant retaliated against Plaintiff for her protected activity by, including but not limited to, sending threatening and harassing text messages that read, "Drop what you are attempting or severe legal consequences you will be faces [*sic*] with. Your [*sic*] a low life because of this," "You are a piece of garbage for what you are attempting," and "an army is prepared to stop what you are attempting," among others.

61. Defendant's retaliatory conduct violates 29 U.S.C. § 215(a)(3), which protects current and former employees from retaliation by current and former employers for pursuing FLSA claims.

62. Defendant's retaliation was knowing and willful.

63. As a direct and proximate result, Plaintiff has been damaged and is entitled to relief, including liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. §§ 216 and 260.

## COUNT VII

### (Retaliation – Ohio Rev. Code Ch. 4111)

64. The preceding paragraphs are incorporated herein by reference.

65. Plaintiff engaged in protected activity by opposing practices she reasonably believed to be unlawful, including seeking legal advice and informing Defendant through counsel that she intended to pursue her wage and hour claims.

66. Defendant retaliated against Plaintiff for her protected activity by, including but not limited to, sending threatening and harassing text messages that read, "Drop what you are attempting or severe legal consequences you will be faces [*sic*] with.  Your [*sic*] a low life because of this," "You are a piece of garbage for what you are attempting," and "an army is prepared to stop what you are attempting," among others.

67. Defendant's retaliatory conduct violates R.C. § 4111.13, which protects former employees from retaliation by former employers in pursing wage and hour claims.

68. Defendant's retaliation was knowing and willful.

69. As a direct and proximate result, Plaintiff has been injured and is entitled to judgment and compensation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Trudy Morris requests judgment against Defendant as follows:

(a) That Plaintiff be awarded compensatory damages, including all unpaid wages and unpaid overtime;

(b) That Plaintiff be awarded her unpaid 401(k) contributions pursuant to 29 U.S.C. § 1132;

(c) That Plaintiff be awarded liquidated damages in an amount equal to her unpaid wages and overtime, pursuant to 29 U.S.C. §§ 216 and 260;

(d) That Plaintiff be awarded punitive damages;

(e) That Plaintiff be awarded pre-judgment and post-judgment interest;

(f) That Plaintiff be awarded reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b) (FLSA claims), 29 U.S.C. § 1132(g) (ERISA claim) and Ohio Rev. Code § 4111.10;

(g) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation over several, separate tax years; and

(h) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ Kelly Mulloy Myers
Kelly Mulloy Myers (0065698)
Trial Attorney for Plaintiff
FREKING MYERS & REUL LLC
600 Vine Street, 9th Floor
Cincinnati, OH 45202
PH: 513/721-1975 - FX: 513/651-2570
*kmyers@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

/s/ Kelly Mulloy Myers